FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3  AM 10: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD K. DURHAM AND TIFFANY           CIVIL ACTION
M. DURHAM

VERSUS                                  NO: 04-2595

STATE OF LOUISIANA, ET AL.              SECTION: "R"(2)

## ORDER AND REASONS

Before the Court is the motion of the St. Tammany Parish
Sheriff's Office to dismiss plaintiff's complaint against certain
fictitiously-named deputies of the Sheriff's Office.  Plaintiffs
have not responded to the motion.  For the reasons stated below,
the Court GRANTS the motion.

Plaintiffs Richard and Tiffany Durham filed this action on
September 20, 2004 against the Louisiana Office of State Police,
Louisiana State Trooper Talmadge Dixon, the St. Tammany Parish
Sheriff's Office and four fictitiously-named St. Tammany Parish
Sheriff's deputies.  Plaintiffs allege generally that Dixon and
the unnamed Sheriff's deputies physically abused Richard Durham
following a September 19, 2003 traffic incident.  Plaintiffs'

___ Fee_____
___ Process_____
X  Dktd_____
✓  CtRmDep_____
___ Doc. No _____

complaint asserts that the Sheriff's deputies and Dixon conspired
to deprive Durham of his constitutional rights, in violation of
42 U.S.C. §§ 1983 and 1985.  Plaintiffs also assert that the
defendants violated state law.

In February 2005, the Office of State Police and the St.
Tammany Parish Sheriff's Office moved to dismiss plaintiff's
complaint.  By order dated April 20, 2005, the Court granted the
motions in part.  The Court dismissed plaintiffs' claims against
the Sheriff's Office because it is not a legal entity with the
capacity to be sued, and it dismissed plaintiffs' claims against
the Office of State Police on sovereign immunity grounds.  In its
April 20 order, the Court further directed plaintiffs to name and
serve the fictitiously-named Sheriff's deputies no later than
April 25, 2005.

Federal Rule of Civil Procedure 4(m) provides that, if
service of process is not made upon a defendant within 120 days
of the filing of the complaint, the court "shall dismiss the
action without prejudice as to that defendant or direct that
service be effected within a specified time."  Fed. R. Civ. P.
4(m).  The Court can extend the time for service upon a showing
of good cause.  *Id.*  Here, the 120-day period for serving
defendants expired long before the Court's April 20, 2005 order.
Nonetheless, in its April 20 order, the Court gave plaintiffs

2

until April 25, 2005 to name and serve the fictitiously-named Sheriff's deputies.  Plaintiffs failed to comply with that deadline, and, to date, plaintiffs have neither sought to amend their complaint to name the Sheriff's deputies nor provided the Court with any explanation for their failure to do so. Accordingly, dismissal is appropriate under Rules 4(m) and 12(b)(5).[1]

For the reasons stated above, the Court DISMISSES plaintiffs' claims against the fictitiously-named St. Tammany Parish Sheriff's deputies without prejudice.

New Orleans, Louisiana, this 28th day of December, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[1] It should be noted that the Court-imposed deadline for naming and serving the fictitiously-named Sheriff's deputies passed approximately four months before Hurricane Katrina, and, accordingly, the hurricane and its aftermath cannot excuse plaintiffs' failure to timely name and serve the Sheriff's deputies.